UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE BUCHWALD**

**08 CV 01670**

08 Civ.: _____

| |
|---|
| HIGHLAND PARK CDO I GRANTOR TRUST, SERIES A |
| Plaintiff, |
| v. |
| MATTHEW STUDER, FRED GRAFT, ERNIE MALAS, and PETER CORATOLA, |
| Defendants. |

**COMPLAINT**



RECEIVED

FEB 20 2008

U.S.D.C. S.D. N.Y.
CASHIER

Plaintiff Highland Park CDO I Grantor Trust, Series A ("Highland"), as successor-in-interest to Morgan Stanley Mortgage Capital, Inc., ("Morgan Stanley"), by its attorneys, Orrick, Herrington & Sutcliffe LLP, hereby alleges for its Complaint against Defendants Matthew Studer, Fred Graft, Ernie Malas, and Peter Coratola, as follows:

## NATURE OF THE ACTION

1.      This is a straightforward debt collection action. Defendants guaranteed a $10.5 million loan made by Morgan Stanley (and subsequently assigned to Plaintiff) to a holding company in which Defendants had an interest. The borrower needed the loan in relation to an ownership interest in a Holiday Inn hotel in Ohio. The borrower failed to repay the loan on the maturity date of February 9, 2008. Plaintiff subsequently issued demand letters to both the borrower and each of the Defendants to cure the default. To date, the loan remains in default.

2.      Pursuant to the governing guaranty agreement, Defendants agreed to jointly and severally guaranty the prompt and unconditional payment of the loan, and granted Plaintiff the right to "proceed directly and at once, without notice, against Guarantor to collect and recover the full amount of the liability...without proceeding against Borrower or any other person." Plaintiff seeks to recover the outstanding loan amount, plus interest and fees, as permitted under the guaranty agreement.

1

## PARTIES

3.      Plaintiff Highland is a Cayman Islands trust, having an address at The Bank of New York

Trust Company, National Association, 601 Travis Street, 16th Floor, Houston, Texas 77002, Attention:

Global Corporate Trust Highland Park CDO I, and is a successor-in-interest to Morgan Stanley, a New

York Corporation.

4.      Defendant Matthew Studer ("Studer") is an individual domiciled in the State of Ohio.

5.      Defendant Fred Graft ("Graft") is an individual domiciled in the State of Ohio.

6.      Defendant Ernie Malas ("Malas") is an individual domiciled in the State of Ohio.

7.      Defendant Peter Coratola ("Coratola") is an individual domiciled in the State of Ohio.

## JURISDICTION AND VENUE

8.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a

civil action between citizens of a state and a citizen of a foreign state and the amount in controversy

exceeds $75,000, exclusive of interest and costs.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1331 because the Defendants

have irrevocably submitted, by contract, to personal jurisdiction in state courts or federal courts located

in the State of New York.

## THE RELEVANT AGREEMENTS

10.     On August 3, 2006, Morgan Stanley, together with its successors and assigns, executed a

Mezzanine Loan Agreement ("Loan Agreement") with Platinum Lodging Mezz, LLC ("Borrower").  A

true and correct copy of the Loan Agreement is attached hereto as Exhibit A.  Morgan Stanley

subsequently assigned to Highland its interests arising under the Loan Agreement relevant to the

Complaint.

11.     Pursuant to the Loan Agreement, Morgan Stanley (as assignor to Plaintiff) agreed to

make a mezzanine loan ("Loan") to Borrower in the amount of $10.5 million.  Borrower executed a

Mezzanine Promissory Note ("Note") in the stated principal amount of $10.5 million payable to the

2

order of Morgan Stanley (as assignor to Plaintiff). A true and correct copy of the Note is attached hereto as Exhibit B.

12.     The Maturity Date of the Loan was February 9, 2008. The failure of Borrower to repay the Loan in full on or before the Loan's Maturity Date constituted an event of default whereby all obligations due under the Loan would be accelerated, and become automatically due.

13.     Upon execution of the Loan Agreement by Borrower, on August 3, 2006, each of the Defendants signed a "Mezzanine Guaranty of Payment and Guaranty of Recourse Obligations of Borrower" ("Guaranty Agreement"), and each thereby agreed to personally guaranty the Loan. A true and correct copy of the Guaranty Agreement is attached hereto as Exhibit C.

14.     Under the Guaranty Agreement, Studer, Graft, Malas and Coratola agreed jointly and severally to absolutely and unconditionally guarantee the prompt and unconditional payment of all amounts owing by Borrower under the Loan, in addition to other stated costs and fees.

15.     The Guaranty Agreement further provided that Studer, Graft, Malas and Coratola were responsible for all other sums that became due and payable, including without limitation all penalties and late charges on such obligations to the extent provided for in the Loan Agreement, the Note, and/or other security documents. In addition, Defendants were obligated to pay reasonable legal and other costs or expenses paid or incurred by or on behalf of Morgan Stanley, including its assigns (i.e., Plaintiff), in the enforcement of the Loan Agreement, the Note, any other security documents, and/or the Guaranty Agreement.

16.     Pursuant to the Guaranty Agreement, the Lender could "proceed directly and at once, without notice, against Guarantor to collect and recover the full amount of the liability hereunder or any portion thereof, without proceeding against Borrower or any other person...."

17.     Under the terms of the Guaranty Agreement, each Defendant waived his right to a jury trial, and agreed to submit to the nonexclusive jurisdiction of the courts of the State of New York and

any United States District Court located in the State of New York, and any appellate courts from any thereof, in connection with any legal action arising out of or relating to the Guaranty Agreement.

DEFAULT

18.     The Loan matured on February 9, 2008. The Borrower failed to repay the Loan and is now in default under the Loan Agreement.

19.     Although not required, Plaintiff served the Borrower and each Defendant with a demand letter on February 12, 2008 requesting that the default be cured. A true and correct copy of the demand letters are attached hereto as Exhibit D.

20.     Having received no response thereto, Plaintiff hereby exercises its rights under the Guaranty Agreement to enforce each Defendant's personal guaranty.

CAUSE OF ACTION (BREACH OF CONTRACT)

21.     Defendants Studer, Graft, Malas and Coratola are jointly and severally liable for the full amount of the Loan, plus interest and other fees and costs specified in the Guaranty Agreement. Each signed the Guaranty Agreement and evidenced his unconditional promise to pay the amount of the Loan owing under the Loan Agreement in the event Borrower defaulted on the Loan Agreement.

22.     The Borrower defaulted by not repaying the Loan on February 9, 2008. Neither the Borrower nor any of the Defendants have responded to Plaintiff's demand for cure nor have they made any payments whatsoever to Plaintiff.

23.     Plaintiff has satisfied any and all of its conditions, covenants and obligations incumbent on it pursuant to the Guaranty Agreement.

24.     There is now due, owing, and unpaid from Defendants Studer, Graft, Malas and Coratola the sum of $10,500,000 plus accrued interest, attorneys' fees and legal costs.

WHEREFORE, Plaintiff Highland prays as follows:

1.     For damages of $10,500,000 plus accrued interest;

2.     For attorneys' fees and legal costs; and

4

5

3.    For such other and further relief as the Court deems proper.

Dated: New York, New York
         February 18, 2008

Respectfully submitted,

By: _____

Michael Stolper
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY  10103-0001
(212) 506-5000

Attorneys for Plaintiff Highland Park CDO I
Grantor Trust, Series A

5