Gregory L. Curtner (GC 5395)
Susan I. Robbins (GC 5759)
MILLER, CANFIELD, PADDOCK & STONE, P.L.C.
500 Fifth Avenue, Suite 1815
New York, NY 10110
Telephone: (212) 704-4400

Attorneys for Intervenor

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HIGHLAND PARK CDO I GRANTOR TRUST, SERIES A, | Civil Action No. 08 CV 01670 |
| Plaintiff, | Hon. Naomi Reice Buchwald |
| v. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SENIOR LENDER TO INTERVENE WITH ANNEXED MOTION TO DISMISS THE COMPLAINT OF MEZZANINE LENDER** |
| MATTHEW STUDER, FRED GRAFT, ERNIE MALAS, AND PETER CORATOLA, | |
| Defendants. | |

Wells Fargo Bank, N.A., as Trustee for the Morgan Stanley Capital I Inc. Commercial Mortgage Pass-Through Certificates Series 2006-XLF (the "Senior Lender") acting through Midland Loan services, Inc., in its capacity as Special Servicer of the Trust, by and through its attorneys, Miller, Canfield, Paddock and Stone, PLC, has moved to intervene and, in the annexed motion, has moved to dismiss the Complaint of Plaintiff Highland Park CDO I Grantor Trust, Series A (the "Mezzanine Lender").  For its Memorandum of Law in support thereof the Senior Lender states as follows.

**I.     Introduction**

The Mezzanine Lender filed suit in this Court against four individuals who serve as Guarantors of loans made to Platinum Lodging, LLC ("Platinum") by both the Senior Lender and the Mezzanine Lender.  (Exh.[1] C to the Complaint and Exh. A.)  The Senior Lender sued the Guarantors in Ohio state court.  (Exh. B)  By filing its lawsuit, the Mezzanine Lender has violated an Intercreditor Agreement (Exh. C) with the Senior Lender which contains subordination provisions that bar the action by the Mezzanine Lender against the Guarantors.  For the reasons stated below, the Senior Lender should be allowed to intervene to enforce the Intercreditor Agreement by moving to dismiss the Mezzanine Lender's Complaint for violating the subordination provisions of the Intercreditor Agreement.  (Exh. C.)

**II.     Governing Provisions of the Intercreditor Agreement**

Section 8(a) of the Intercreditor Agreement governing "Subordination of Mezzanine Loan and Mezzanine Loan Documents" provides that:

> Mezzanine Lender hereby subordinates and makes junior the Mezzanine Loan, the Mezzanine Loan Documents and the liens and securities created thereby, and all rights, remedies, terms and covenants contained therein to (i) the Senior Loan, (ii) the liens and security interests created by the Senior Loan Documents and (iii) all of the terms, covenants, conditions, rights and remedies contained in the Senior Loan Documents, and no amendments or modifications to the Senior Loan Documents or waivers of any provisions thereof shall affect the subordination thereof as set forth in this Section 8(a).  Mezzanine Lender hereby acknowledges and agrees that the Mezzanine Loan is not secured by a lien on the Premises or any of the other collateral securing the Senior loan or any other assets of the Borrower. (Exh. C at 17.)

Section 9(a) governing "Payment Subordination" provides that:

---

[1]  References to "Exh." herein are to the exhibits attached to the Notice of Motion, except as indicated.

> Except (i) as otherwise provided in this Agreement[2] and (ii) in connection of the exercise by Mezzanine Lender of its rights and remedies with respect to the Separate Collateral[3] in accordance with the terms of this Agreement, all of Mezzanine Lender's rights to payment of the Mezzanine Loan and the obligations evidenced by the Mezzanine Loan Documents are hereby subordinated to all of Senior Lender's rights to payment by Borrower of the Senior Loan and the obligations secured by the Senior Loan Documents, and Mezzanine Lender shall not accept or receive payments (including, without limitation, whether in cash or other property and whether received directly, indirectly or by set-off, counterclaim or otherwise) from Borrower and/or from the Premises prior to the date that all obligations of Borrower to Senior Lender under the senior Loan Documents are paid." (Exh. C at 17.)

Finally, Section 24 governing "Legal Construction" provides that:

> In all respects, including, without limitation, matters of construction and performance of this Agreement and the obligations arising hereunder, this Agreement shall be governed by, and construed in accordance with, the internal laws of the State of New York applicable to agreements intended to be wholly performed within the State of New York. (Exh. C at 26.)

These provisions of the Intercreditor Agreement are the legal basis for the motion to intervene and annexed motion to dismiss, as further set forth herein.

### III. Argument

#### A. The Court Should Grant the Senior Lender's Motion to Intervene.

The Senior Lender has moved under Fed. R. Civ. P. 24 for intervention as of right or, in the alternative, for permissive intervention. The standards to be applied in this Circuit for intervention as of right are:

---

[2] This clause is not involved in this matter.

[3] "Separate Collateral" is defined in the Intercreditor Agreement and "means (i) the Equity Collateral, (ii) the accounts (and monies therein from time to time) established pursuant to the Mezzanine Cash Management Agreement, and (iii) any other collateral given as security for the Mezzanine Loan pursuant to the Mezzanine Loan Documents, **in each case not directly constituting security for the Senior Loan**." (Exh. C at 8; emphasis added.) The capitalized, defined terms are not involved in this matter as indicated by the emphasized carve-out language.

> [T]he applicant must (1) file a timely motion, (2) claim an interest relating to the property or transaction that is the subject of the action, (3) be so situated that without intervention the disposition of the action may impair that interest, and (4) show that the interest is not already adequately represented by existing parties.

*Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 176 (2d Cir. 2001). For the reasons stated below, the Senior Lender should be allowed to intervene as of right.

### 1. The Motion to Intervene is Timely.

Here, the Senior Lender has filed its motion to intervene and annexed motion to dismiss within a timeframe consistent with the Court-endorsed scheduling letter submitted by counsel for the Mezzanine Lender (Exh. 1 hereto). Cases typically hold that a delay of many months if not years is necessary before a motion to intervene is held to be untimely. *See Medical Diagnostic Imaging, PLLC v. Carecore National, LLC*, 2008 WL 780922 at *4 (S.D.N.Y. 2008)(collecting cases: delays of 15 months, 17 months, one year, 14 months and 2 years are untimely). Since the instant motion has been filed within weeks of the Complaint at the outset of the case, it is timely.

### 2. The Senior Lender Claims An Interest Relating to the Property or Transaction That Is The Subject of the Action.

The interests of the Senior Lender and the Mezzanine Lender are in the self-same hotel in Columbus, Ohio. *Compare* Mezzanine Lender's Complaint ¶ 1 ("The borrower needed the loan in relation to an ownership interest in a Holiday Loan hotel in Ohio") *with* Exh. B, Senior Lender's First Amended Complaint ¶ 8 ("Platinum is the fee owner of the real property located at 4560 Hilton Corporate Drive, Columbus, Ohio 43232 . . . ). The Senior and Mezzanine Loans are both with respect to this same hotel and are subject to the Intercreditor Agreement whose subordination provisions are the focus of the annexed motion to dismiss. Thus, the Senior Lender's interest is the required "'direct,

substantial, and legally protectable'" interest. *Brennan v. New York City Bd. of Ed.*, 260 F.3d (2d Cir. 2001)(citation omitted).

### 3. The Senior Lender's Interest Will Be Impaired If It is Not Allowed to Intervene.

The Senior Lender has filed a lawsuit in Ohio to, *inter alia*, recover from the Guarantors; the Senior Lender seeks to intervene in this case to keep the Mezzanine Lender from violating loan subordination rights and impairing the ability of the Senior Lender to recover from the very same Guarantors. If the Senior Lender is not allowed to intervene, its guaranty and subordination rights may be subject to conflicting adjudications in this Court and the Ohio state court.[4]

### 4. The Parties Already in the Case Will Not Adequately Protect the Interests of the Senior Lender.

It is clear from the failure of the Mezzanine Lender to bring to the Court's attention the Intercreditor Agreement, which governs the relationship of the Mezzanine and Senior Lenders, that the Mezzanine Lender will not adequately represent the interests of the intervening Senior Lender. To the contrary, the Mezzanine Lender's action in bringing its complaint against the Guarantors violates the Intercreditor Agreement and undermines the ability of the Senior Lender to collect from the Guarantors. It is also unlikely that the Guarantors will adequately represent the interests of the Senior Lender since they are obligated to both Senior and Mezzanine Lenders and presumably base their litigation position on what favors the Guarantors. Thus for all these reasons, the Senior Lender should be permitted to intervene as of right under Fed. R. Civ. P. 24(a)(2).

---

[4] Upon the motion of the Borrower and the Guarantors, the Ohio state court recently entered an order joining the Mezzanine Lender as a party defendant in that case. (Exh. 2 hereto.) Thus, the Senior Lender, the Mezzanine Lender, the Guarantors and the Borrower are now all present in one court.

### 5. In the Alternative, The Senior Lender Should Be Granted Permissive Intervention.

In the alternative, the Senior Lender should be allowed to intervene as a permissive intervenor under Fed. R. Civ. P. 24(b)(1)(B). "Even where intervention as of right is not available, a court may grant permissive intervention if the 'applicant's claim or defense and the main action have questions of law or fact in common.'" *Blohm & Voss GmbH v. M/V Olympia Explorer*, 2006 WL 2472044 at *2 (S.D.N.Y. 2006)(quoting rule). For the reasons stated above, the Senior Lender has satisfied the required showing for permissive intervention.

### B. The Court Should Grant the Senior Lender's Herein Annexed Motion to Dismiss.

While the Court must (in considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6)) "accept as true the facts alleged in the . . . complaint," the complaint is "'deemed to include any written instrument attached to it as an exhibit,' 'statement or document incorporated by reference,' and other document that is fairly 'integral' to the allegations." *Greene v. Hanover Direct, Inc.*, 2007 WL 4224372 at *3 (S.D.N.Y 2007)(citation omitted).

### 1. The Intercreditor Agreement is Integral to the Complaint and Dispositive of the Mezzanine Lender's Claims.

Here, the Intercreditor Agreement is not merely integral to but dispositive of the Mezzanine Lender's claims. As has happened in the instant case, lenders often arrange

> financing through Intercreditor Agreements in which two or more banks would lend to a borrower on a secured basis. An Intercreditor Agreement serves to delineate the order of the banks' claims against that borrower, which clarifies priority of creditors in the event of default.

*Bank of New York v. Amoco Oil Company*, 831 F.Supp. 254, 260 n. 6 (S.D.N.Y. 1993). *See also Trafalgar Power inc. V. Aetna Life Ins. Co.*, 427 F.Supp.2d 202, 206 (N.D.N.Y. 2006)(enforcing "an intercreditor agreement under which Algonquin agreed not to exercise its rights as creditor or remedies of the B Note against TPI without the consent and approval of Aetna, so long as TPI remained indebted to Aetna.")  Furthermore, "[u]nder New York law, which governs . . . the Intercreditor Agreement, the Court must give effect to the intentions of the parties entering into an agreement." *In re Solutia, Inc.*, 2007 WL 1302609 at *9 (Bkrtcy. S.D.N.Y. 2007)(citing cases).

### 2. The Subordination Provisions of the Intercreditor Agreement Bar the Mezzanine Lender's Claims.

Section 8(a) of the Intercreditor Agreement provides that the "Mezzanine Lender hereby subordinates and makes junior the Mezzanine Loan, the Mezzanine Loan Documents and the liens and securities created thereby, and all rights, remedies, terms and covenants contained therein to (i) the Senior Loan, (ii) the liens and security interests created by the Senior Loan Documents and (iii) all of the terms, covenants, conditions, rights and remedies contained in the Senior Loan Documents."  (Exh. C at 17.)  Section 9(a) of the Intercreditor Agreement further provides that "all of Mezzanine Lender's rights to payment of the Mezzanine Loan and the obligations evidenced by the Mezzanine Loan Documents are hereby subordinated to all of Senior Lender's rights to payment by Borrower of the Senior Loan and the obligations secured by the Senior Loan Documents."  (Exh. C at 17.)  Under New York law, "the intention of the parties may be gathered from the four corners of the instrument and should be enforced according to its terms." *Beal Sav. Bank v. Sommer*, 8 N.Y.3d 318, 324 (2007).

The Mezzanine Lender's Complaint against the Guarantors ignores the Intercreditor Agreement, fails to attach it or bring it to the attention of the Court, and seeks relief on the Guaranty which is contrary to the Mezzanine Lender's obligation to subordinate its rights to those of the Senior Lender. Even accepting the allegations in the Complaint as true, the Mezzanine Lender fails to state a claim as to the Guarantors because the Mezzanine Lender's rights and remedies are subordinated to those of the Senior Lender.

### IV. Conclusion and Relief Requested

For the reasons stated above, the Senior Lender prays this Honorable Court permit the Senior Lender to intervene, dismiss the Complaint of the Mezzanine Lender, award the Senior Lender its costs and attorney fees as provided in the Intercreditor Agreement, and grant the Senior Lender such other and further relief as is just and equitable.

Dated:  New York, New York
         June 10, 2008

                              Respectfully submitted,

                              MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.


                              By:  s/Gregory L. Curtner
                                   Gregory L. Curtner (GC 5395)
                                   Counsel for Intervenor Wells Fargo Bank, N.A., as
                                   Trustee for the Morgan Stanley Capital I Inc.
                                   Commercial Mortgage Pass-Through Certificates
                                   Series 2006-XLF
                                   Miller, Canfield, Paddock and Stone, P.L.C.
                                   500 Fifth Avenue, Suite 1815
                                   New York, New York 10110
                                   Telephone: (212) 704-4400
                                   Email: curtner@millercanfield.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2008, I electronically filed the foregoing paper with the Clerk of the court using the ECF system, which will send notification of such filing to the following:

Michael T. Stolper, Esq. mstolper@orrick.com;

Dennis Michael O'Bryan, Esq. dob@obryanlaw.net;

Yasmin Rukhshanda Saeed, Esq. ysaeed@bkgllplaw.com; and

Marc J. Kessler, Esq. mkessler@hahnlaw.com

                        s/Gregory L. Curtner
                        Gregory L. Curtner (GC 5395)
                        Counsel for Intervenor Wells Fargo Bank, N.A., as Trustee for the Morgan Stanley Capital I Inc. Commercial Mortgage Pass-Through Certificates Series 2006-XLF
                        Miller, Canfield, Paddock and Stone, P.L.C.
                        500 Fifth Avenue, Suite 1815
                        New York, New York 10110
                        Telephone: (212) 704-4400
                        Email: curtner@millercanfield.com

DELIB:2974115.2\131318-00022

## **INDEX OF EXHIBITS**

**EXHIBIT**

1    Court-endorsed scheduling letter submitted by counsel for Mezzanine Lender

2    Ohio state court order joining Mezzanine Lender as party to that case





# ORRICK

May 14, 2008

Michael Stolper
(212) 506-3768
mstolper@orrick.com

<u>VIA FACSIMILE</u>

The Honorable Naomi R. Buchwald
United States District Court
United States Courthouse, Room 2270
500 Pearl Street
New York, New York 10007

     Re: <u>Highland Park CDO Trust I Grantor Trust, Series A v.
        Matthew Studer, et al., Case No.: 08 Civ 01670 (NRB)</u>

Dear Judge Buchwald:

   We represent Plaintiff in the above-captioned matter. Pursuant to the teleconference held on May 12, 2008 between Plaintiff, Defendants and the Court, the parties agree to the following briefing schedule:

| | |
|---|---|
| Defendants' Motion to Dismiss and Stay Proceedings due | May 23, 2008 |
| Plaintiff's Answering Papers and Cross Motion for Summary Judgment due | June 6, 2008 |
| Defendants' Reply in Support of its Motion and Answering Papers in Opposition to Cross Motion due | June 20, 2008 |
| Plaintiff's Reply in Support of its Cross Motion due | June 27, 2008 |

   Thank you for your attention to this matter.

              Respectfully submitted,

              Michael Stolper

*So Ordered*
5/14/08

cc: Daniel E. Katz, Esq. *(via facsimile and e-mail)*
  Marc J. Kessler, Esq. *(via facsimile)*



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/15/08

IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE MORGAN STANLEY CAPITAL I INC. COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-XLF, by and through its Special Servicer Midland Loan Services, ) ) ) ) ) ) ) | |
| Plaintiff, ) | CASE NO. 08CVE03-03668 |
| v. ) | JUDGE REECE |
| PLATINUM LODGING LLC, *et al.*, ) ) | |
| Defendants. ) | |

### ORDER GRANTING JOINT MOTION TO JOIN ADDITIONAL PARTY AS DEFENDANT

This matter is now before the Court upon Defendants Platinum Lodging, LLC, Matthew Studer, Fred Graft, Ernie Malas and Peter Coratola's Joint Motion to Join Highland Park CDO I Grantor Trust, Series A ("Highland Park") as an additional party defendant to Plaintiff's claim pursuant to Civil Rules 19(A)(2)(b), 19(A)(3) and 21. Having reviewed the Joint Motion and pleadings to date, it is hereby **ORDER, ADJUDGED** and **DECREED** that the Joint Motion is **GRANTED**. Plaintiffs are hereby ordered to amend their complaint to join Highland Park as a defendant in this action and to serve a copy of it to Highland Park consistent with Ohio Civil Rules.

IT IS SO ORDERED.

Judge Guy L. Reece II

_____
JUDGE REECE

Copies to:
James L. Allen
Paul E. Perry
Miller, Canfield, Paddock and Stone, PLC
840 West Long Lake Road, Suite 200
Troy, Michigan 48094

*Attorneys for Plaintiff*

Col - 125710.1

Key Equipment Finance, Inc.
c/o CSC – Lawyers Incorporating Service
50 West Broad Street, Suite 1800
Columbus, Ohio 43215

Lodgenet Entertainment Corp.
c/o The Prentice Hall Corporation System, Inc.
50 West Broad Street, Suite 1800
Columbus, Ohio 43215

Jennifer J. Jacquemain, Esq.
Mark W. Bernlohr, Esq.
23 South Main Street, Suite 301
Akron, Ohio 44308

*Attorneys for Defendant US Bancorp Business Equipment Finance Group*

Gaylor, Inc.
c/o CT Corporation System
1300 East Ninth Street
Cleveland, Ohio 44114

John A. Gleason, Esq.
555 Metro Place North, Suite 600
Dublin, Ohio 43017-1341

*Attorney for Defendant Champion Services LLC*

Galloway Landscape, LLC
c/o Acme Agent, Inc.
41 South High Street, Suite 2800
Columbus, Ohio 43215

Charles A. Mifsud, Esq.
Brian M. Gianangeli, Esq.
Joshua D. Weber, Esq.
The Law Office of Charles Mifsud LLC
326 South High Street
Annex, Suite 201
Columbus, Ohio 43215

*Attorneys for Defendant The State of Ohio Bureau of Worker's Compensation*

David L. Lackey, Esq.
Decker, Vonau & Sybert Co.
620 East Broad Street
Columbus, Ohio 43215

*Attorney for Defendant Greenscapes Landscape Co., Inc.*

Schindler Elevator Corporation
c/o CT Corporation System
1300 East Ninth Street
Cleveland, Ohio 44114

All-Seal Coatings, Inc.
15515 West Third Street
Plymouth, Indiana 46563

ECU Staffing Multi-Services, Inc.
c/o Guillermo Barrios
5578 Blue Lagoon Lane
Hilliard, Ohio 43026

Columbus Worthington Heating and Air Conditioning Co., Inc.
c/o CSC-Lawyers Incorporating Service
1300 East Ninth Street
Cleveland, Ohio 44114

James P. Botti, Esq.
Porter Wright Morris & Arthur LLP
41 South High Street, Suite 3100
Columbus, Ohio 43215

*Attorney for Defendant Crane Group Co.*

Franklin County Treasurer
373 South High Street, 17th Floor
Columbus, Ohio 43215

Col - 125710.1